UNITED STATES of America, Appellee,

v.

David Michael KELLY, Appellant.

No. 82–1061.

United States Court of Appeals,
Eighth Circuit.

Submitted May 21, 1982.

Decided May 26, 1982.

Daniel M. Scott, Federal Public Defender, D.Minn., Minneapolis, Minn., for appellant.

James M. Rosenbaum, U. S. Atty., John M. Lee, First Asst. U. S. Atty., D.Minn., Minneapolis, Minn., for appellee.

William D. Palmer, Legal Intern.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and BECKER,* Senior District Judge.

PER CURIAM.

David Michael Kelly appeals from a conviction on one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The sole issue on appeal is whether the district court erred in admitting a police officer's testimony as to the street value of the cocaine found in Kelly's possession. The defendant also objects to the officer's testimony that such a quantity would ordinarily be possessed with intent to distribute. We find no error in these rulings. We affirm the conviction.

On September 16, 1981, Kelly was arrested at Twin Cities International Airport. Approximately one-half pound of 58% to 71% pure cocaine was found in his possession. On September 18, 1981, a one-count indictment was returned charging Kelly with possessing with intent to distribute approximately 220 grams of cocaine. A jury trial commenced on November 3, 1981. On November 5, 1981, the jury returned a verdict of guilty.

At trial, the central question was whether Kelly had the requisite intent to distribute.

* William H. Becker, Senior District Judge, Western District of Missouri, sitting by designation.

As its last witness, the government called John J. Boulger, an 11-year veteran of the Narcotics Division of the Minneapolis Police Department. Based on his training and experience, Boulger testified that the amount of cocaine possessed by Kelly, if it was diluted to typical street purity, could be sold for $89,000 on the street. Boulger concluded, "It's a quantity that would be possessed with intent to distribute."

Kelly argues that Boulger's testimony embraced the ultimate issue of intent to distribute and thus invaded the province of the jury. Initially, we note, as this court did in *Soo Line Railroad v. Fruehauf Corp.,* 547 F.2d 1365, 1374 (8th Cir. 1977), "Admission or exclusion of expert testimony is a matter within the sound judicial discretion of the trial court, and the trial court's decision should not be reversed unless found to be 'manifestly erroneous.'" Fed.R.Evid. 704 provides, "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." This court has repeatedly held that "an expert, as distinguished from a lay witness, may express his opinion on the ultimate jury question." *Hanger v. United States,* 398 F.2d 91, 106 (8th Cir. 1968), *cert. denied,* 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969) (quoting *Feguer v. United States,* 302 F.2d 214, 242 (8th Cir.), *cert. denied,* 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962)). The testimony did not improperly invade the jury's province. *See United States v. Haskins,* 536 F.2d 775, 779 (8th Cir.), *cert. denied,* 429 U.S. 898, 97 S.Ct. 263, 50 L.Ed.2d 182 (1976); *Rhynard v. Filori,* 315 F.2d 176 (8th Cir. 1963). Furthermore, the testimony is not defective because it utilized the words of the legal standard. The words, "possess with intent to distribute," are commonly used and their plain meaning matches their legal meaning. There was no danger of confusing the jury. *See United States v. Johnson,* 637 F.2d 1224, 1246–47 (9th Cir. 1980); *United States v. Hearst,* 563 F.2d 1331, 1351 (9th Cir. 1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978).

Kelly also argues that Boulger's testimony concerning the potential street value of the cocaine found in Kelly's possession was not relevant or, alternatively, that its prejudicial impact outweighed its probative value. This court has previously held that the street value of drugs found in defendants' possession is relevant circumstantial evidence of defendants' intent to distribute. *See United States v. Powell,* 564 F.2d 256, 259 (8th Cir. 1977), *cert. denied,* 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 495 (1978); *United States v. Blake,* 484 F.2d 50, 58 (8th Cir. 1973), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974). The admission of this testimony was well within the broad discretion of the trial court to rule on the admission of evidence.

We affirm defendant's conviction.