**UNITED STATES of America, Appellee,**

v.

**George AGYEN, Appellant.**

No. 87–5277.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1988.

Decided March 15, 1988.

Daniel M. Scott, Minneapolis, Minn., for appellant.

Douglas R. Peterson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY and MAGILL, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge.

HEANEY, Circuit Judge.

A jury found George Agyen guilty of knowingly and intentionally importing a heroin substance in violation of 21 U.S.C. § 952(a). He was sentenced to a mandatory five year term of imprisonment pursuant to 21 U.S.C. § 960(a) and (b)(2). We affirm the conviction and sentence.

On December 23, 1986, Agyen took a flight from London to the Minneapolis–St. Paul metropolitan area, arriving at 5:00 p.m. While he was proceeding through customs, an immigration inspector checked his passport and noticed Agyen had travelled extensively. Agyen told the inspector he was an import-export specialist. He also complained of a lost piece of luggage. Agyen was instructed to go through a secondary inspection. There, a customs inspector searched the athletic and shoulder bags Agyen was carrying.

At some point the inspector noticed that Agyen was nervous and sweating. Agyen asked the inspector about his missing luggage and told the inspector he needed to make a flight to Detroit. After searching Agyen's baggage, the inspector determined that Agyen should be searched. Agyen was escorted to a search room. He was

required to empty his pockets, take off his jacket and sweater, and stand with his hands against the wall and his legs spread apart. Upon making a pat down search, the inspector noticed something concealed in Agyen's groin area. A small package was then removed from Agyen's underpants. Agyen then said to the inspector, "I am not a bad person; I am doing it for a Nigerian friend."

It was later determined that the package contained 210.18 grams of "smoking heroin," with a "street value" of approximately $840,000.

Agyen argued at trial that he did not know that the substance was a heroin mixture. He claimed he had been led to believe that the substance was a talisman with magical powers of a sexual nature. After the jury found Agyen guilty of violating section 952(a), the trial judge heard arguments on the applicability of section 960(b)(2). This section would require Agyen to serve a mandatory minimum sentence of five years if Agyen was found to have imported "100 grams or more of a mixture or substance containing a detectable amount of heroin." The trial judge determined that section 960(b)(2) applied, and sentenced Agyen accordingly.

On appeal, Agyen first contends that the indictment did not give him notice that he was being charged with a violation of section 960(b)(2). The due process clause requires that indictments provide defendants notice of the charge against them and a description of the offense so as to prevent further prosecution for the same offense. See Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). The indictment here stated that Agyen had "approximately eight ounces" of a heroin mixture on his person. Agyen argues that the term "approximately" is too vague to give him notice of the charge.[1]

---

* The Honorable Thomas E. Fairchild, United States Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. In this appeal we assume (without deciding) that section 960(b)(2) creates a substantive ele-

ment of the offense of importing an illegal narcotic of which the prosecution must give notice in the indictment and which must be proved beyond a reasonable doubt. Cf. United States v. Gibbs, 813 F.2d 596, 599, 602 (3rd Cir.), cert. denied, — U.S. —, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987) (discussion of these same questions in

The use of the term "approximately" may render an indictment too vague in some instances. That would be the case if, for example, the indictment charged Agyen with importing "approximately ninety-nine grams of smoking heroin" and the government attempted to prove that Agyen had imported 101 grams so as to make section 960(b)(2) applicable. The same might be true if the indictment listed the amount as "approximately 101 grams." Here, however, the approximate amount was more than twice as much as the statutory minimum. In this instance, Agyen was clealy made aware that he was being charged with possessing more than 100 grams (or three ounces) of a heroin mixture. *Cf. United States v. Alvarez,* 735 F.2d 461, 468 (11th Cir.1984) (requiring an allegation of value or quantity in an indictment).

Agyen also argues that the United States had to prove beyond a reasonable doubt that he possessed over three ounces (or 100 grams) of a heroin mixture. He argues a substantial difference in penalties depends on the amount alleged to have been imported: (1) for an amount less than 100 grams the penalty under 960(b)(3) would be a maximum sentence of twenty years and normal parole eligibility; and (2) for an amount more than 100 grams the penalty would be a maximum sentence of forty years and a mandatory minimum sentence of five years. He thus argues that the government should have to prove that he possessed a specific amount of a heroin mixture which was in excess of three ounces to convict him of a violation of section 960(b)(2).

The fact of the matter is that the evidence at trial clearly established that more than 200 grams of a heroin mixture was involved. Thus, the government offered uncontroverted evidence that the amount of the substance was well in excess of 100 grams (or three ounces). While the jury was not instructed to find this to be the fact, Agyen did not object to this omission; nor did he submit an alternative instruction on this issue. Because of this and because of the strength of the government's proof

as to the amount of smoking heroin, we do not find that the district court committed reversible error in failing to instruct the jury on this matter. *See* Fed.R.Crim.P. 52(b).

Agyen also contends that the trial court erred in admitting the testimony of Drug Enforcement Administration (DEA) Special Agent Phillip Pederson concerning the street value of the heroin in the substance carried by Agyen. Agyen argues that the testimony was without foundation because Pederson had no experience with or knowledge of smoking heroin.

The admission of expert testimony is a matter over which the trial judge has broad discretion. *See United States v. Kelly,* 679 F.2d 135, 136 (8th Cir.1982). Under Rule 702 of the Federal Rules of Evidence, an expert need have "knowledge, skill, experience, training, or education" which qualifies him as an expert on a given subject. Special Agent Pederson had degrees in criminal justice, social science, and public administration, and had twelve weeks of training at the DEA Academy. He had worked as an agent for approximately three years routinely speaking with informants and making narcotics purchases.

Pederson only testified to the value of the pure heroin contained in the mixture possessed by Agyen. Although Pederson had never analyzed the value of smoking heroin prior to this case, he clearly was qualified to testify as to the value of the pure heroin in the mixture. The trial judge therefore properly exercised his discretion in admitting the testimony of agent Pederson.

For these reasons, we affirm the decision of the district court.

the context of 21 U.S.C. § 841(a)(1) and (b)(6)

which involve marijuana importation).