919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory A. AMACHER, Defendant-Appellant.
 No. 90-5126.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and HOLSCHUH* District Judge.
 PER CURIAM.
 
 
 1
 The defendant Gregory Amacher appeals his conviction for possession with intent to distribute marijuana, and for using or carrying a firearm during a drug trafficking offense. Finding the defendant's contentions to be without merit, we affirm.
 
 
 2
 On Wednesday afternoon, February 15, 1989, Dennis Young, Chief of the Estill Springs Police Department, conducted surveillance of the defendant's house. Chief Young had earlier received information that the defendant was distributing marijuana out of his house. During the surveillance, which lasted approximately six hours, Young noticed that a large amount of traffic was entering and leaving the defendant's residence, and that such individuals remained at the defendant's residence for about ten minutes before departing.
 
 
 3
 During that same afternoon, Young also had an informant approach and enter the defendant's residence in order to observe the events taking place. The following morning, the informant reported to Young that he had observed large quantities of marijuana at the residence, that the defendant delivered marijuana where he worked every Thursday afternoon, and that the defendant's residence was used to distribute marijuana.
 
 
 4
 On Thursday, February 16, 1989, at approximately 1:30 p.m., Chief Young sought a search warrant for the search of the defendant's residence and any vehicles or other buildings on the defendant's property. Young told the judge that an informant, who had proven reliable in the past, had given him information that the informant had been at the defendant's house the day before; that he had seen large quantities of marijuana at the house during his visit; that the defendant's house is generally known as a place where marijuana is distributed; and that he had seen individuals who used marijuana going to and from the defendant's house. The judge issued a search warrant which called for the search of the defendant's person, home, outlying buildings, and any vehicles on the premises.
 
 
 5
 Chief Young then met with Franklin County deputies to discuss how the search was to be executed. Because the defendant lived in a rural area where there was a large clearing behind his house and was known to possess numerous weapons, the officers decided to station two officers behind the defendant's house. The officers also knew that defendant would soon be leaving for work. Deputy Sheriff Stroupe and another officer stationed themselves approximately 0.3 miles down the road.
 
 
 6
 At approximately 2:25 p.m., the defendant exited the house carrying a green knapsack which he placed in the toolbox on the back of his truck. Defendant then went back inside, returned with a small white bag, placed the bag in his truck, and left for work. Chief Young radioed Stroupe that the defendant had just left, and Stroupe and the other officer stopped the defendant as he approached the roadblock they had set up. Stroupe handed the defendant the search warrant, and the officers proceeded to search the defendant and his truck. The officers seized several small bags of marijuana which the defendant was carrying in different parts of his clothing. A search of the green bag revealed several more bags of marijuana, empty ziploc bags which contained traces of marijuana, and a box of ziploc bags. The officers returned to the defendant's home where they served the search warrant on the defendant's wife. They searched the residence and uncovered marijuana, rolling papers, and over $4000 in cash.
 
 
 7
 The defendant was indicted on May 9, 1989 on two counts, the first charging that the defendant unlawfully possessed marijuana with the intent to distribute, 21 U.S.C. Sec. 841(a)(1), and the second with carrying or possessing a firearm in relation to the drug offense, 18 U.S.C. Sec. 924(c)(1). The defendant filed a motion to suppress certain evidence found when the officers searched the defendant and his truck. The trial court denied this motion after conducting an evidentiary hearing.
 
 
 8
 A jury trial was held on July 7, 1989. At trial defendant's wife testified that the defendant used marijuana but did not sell it. Sheriff's Department Narcotics Investigator Danny Stroupe testified that the marijuana found in the residence was stored in a manner typical of a marijuana dealer and the firearms and cash found near the marijuana is also typical of a marijuana dealer.
 
 
 9
 Agent Kelly Goodowens, a special agent with the Drug Enforcement Administration ("DEA") for eighteen years, testified as an expert in marijuana trafficking. He opined that the defendant was involved in marijuana distribution. Agent Goodowens relied on the fact that a) the marijuana was found in several bags of varying sizes which indicates packaging for resale to different customers; b) the quantity found was beyond the normal threshold for personal use; c) in the residence, a small amount of money to make change was found near the marijuana and a larger amount of money was hidden; and d) firearms were also found in the residence and the defendant was carrying a firearm. Agent Goodowens further testified that the marijuana found on the defendant's person was found in different pockets to facilitate sales of varying amounts.
 
 
 10
 The jury found the defendant guilty of both counts. This timely appeal followed. Defendant raises three arguments on appeal. First, he argues that the district court erred in denying his motion to suppress the evidence obtained on the ground that the search warrant was invalid. Second, defendant asserts that the district court erred in admitting the expert testimony of DEA agent Kelly Goodowens. Finally, defendant contends that there was insufficient evidence to support his conviction for carrying or using a firearm during a drug trafficking offense under 18 U.S.C. Sec. 924(c)(1).
 
 DISCUSSION
 
 11
 A. Probable Cause to Issue the Search Warrant
 
 
 12
 The first issue that must be addressed is whether the defendant raised below the issue of whether there was probable cause contained in the search warrant affidavit so as to allow the officers to search the defendant and his truck approximately 0.3 miles away from his house. The government argues that the defendant admitted at the suppression hearing that there was, in fact, probable cause to issue the warrant, and therefore cannot now challenge probable cause. A careful reading of the transcript of the suppression hearing however, reveals that defense counsel only conceded that the officers had a valid search warrant for the residence. Thus, defendant's argument that the search warrant did not extend to a search of his person nor to a search of his truck while it was off the premises is properly before us on appeal.
 
 
 13
 The district court found three reasons to justify the search of the defendant's person and his truck. The court first found that the search warrant allowed the police to wait for the defendant to drive down the road 0.3 miles and search his truck because the warrant allowed the search of all vehicles on the premises and because the defendant's truck had just "been 'on the premises'." Second, the court found that a warrantless search of the defendant's truck was justified under the automobile exception to the warrant requirement. See Carroll v. United States, 267 U.S. 132 (1925) and United States v. Ross, 456 U.S. 798 (1982). Finally, the court found that the search of the defendant himself was proper as a search incident to arrest.
 
 
 14
 Without deciding the difficult issue of whether the search warrant allowed the officers to search the truck after it left the defendant's residence,[1] we find that the search of the truck and the defendant's person can be justified by the second and third rationales offered by the court. The search of the truck can be justified under Ross, and the search of the defendant can be justified as a search incident to arrest. The officers had probable cause to believe that the truck contained marijuana and weapons, and the officers knew from a reliable informant that the defendant was on his way to work to distribute marijuana, apparently to fellow employees. Accordingly, the defendant's first contention is rejected.
 
 
 15
 The defendant also challenges the sufficiency of the affidavit in support of his contention that the evidence should have been suppressed. None of these issues were raised in the defendant's motion to suppress evidence before the trial court and are thus arguably waived. Fed.R.Crim.P. 12(b)(3). Defendant requests this court to rely on the plain error rule. Fed.R.Crim.P. 52(b).
 
 
 16
 In reviewing whether probable cause existed for the issuance of a warrant, this court looks to "the totality of the circumstances." Illinois v. Gates, 462 U.S. 213 (1983). This circuit has held that probable cause exists where an informant, who has proven to be reliable in the past, personally observes contraband on the defendant's premises and where that information is presented to the judge issuing the search warrant. See United States v. Algie, 721 F.2d 1039, 1041 (6th Cir.1983). See generally United States v. Smith, 783 F.2d 648, 650-51 (6th Cir.1986). In the present case, the defendant contends that the warrant affidavit is insufficient as a matter of law in that it fails to establish the informant's reliability or the basis of the informant's knowledge. The defendant's argument must fail.
 
 
 17
 While the warrant affidavit is only a form with boxes to be checked and blanks to be filled, we find that it adequately establishes both the reliability of the informant and his knowledge of the information contained in the affidavit. Officer Young, the affiant, stated that he had known the informant for five years and that the informant had provided reliable information in the past. Officer Young attested that the informant told him that he saw marijuana on the premises described in the affidavit and in the defendant's control within the previous two days and had seen drug users enter and leave the premises, premises known to be a place where drugs were illegally dispensed. Moreover, Officer Young personally observed the informant enter the defendant's residence and notified the judge of this fact. Accordingly, this argument is without merit.
 
 
 18
 For this reason, we also reject the defendant's claim that the magistrate failed to make an independent determination of probable cause, and acted "merely [as a] rubber stamp." This court does not review the magistrate's issuance of the search warrant de novo. This court affords the magistrate's probable cause determination "great deference." See United States v. Leon, 468 U.S. 897, 914 (1984). Where substantial evidence supports the magistrate's finding of probable cause, this court will not disturb that determination.
 
 
 19
 The government argues that even if there was no probable cause for the issuance of the warrant, the "good faith" exception applies. See United States v. Leon, supra. The defendant contends that Leon is not applicable and cites United States v. Baxter, 889 F.2d 731 (6th Cir.1989), reh'g denied, (June 25, 1990), in support of his position. Baxter, however, is inapposite. The key difference between Baxter and the present case is that in Baxter the warrant affiant blatantly lied to the magistrate when he stated that he had information from a reliable, confidential informant when, in fact, the tip he received was from an anonymous caller. In the present case, there was neither "a knowing or reckless falsity" set forth in the affidavit, nor was there "a knowing misstatement about the nature of the informant," as was the case in Baxter. Id. at 734.
 
 
 20
 Moreover, this is not one of those cases where the purposes of the exclusionary rule would be furthered. The exclusionary rule "should not apply 'when an officer acting with objective good faith has obtained a search warrant and acted within its scope'." Id. (quoting Leon, 468 U.S. at 920). From a review of the suppression hearing transcript in the present case, it is clear that there existed probable cause for the issuance of the warrant and that Chief Young acted in good faith in procuring it.
 
 B. Agent Goodowens' Testimony
 
 21
 The defendant contends that the district court erred in admitting the expert testimony of DEA Agent Goodowens on the grounds that the testimony was beyond the scope of his expertise and was highly prejudicial.
 
 
 22
 Rule 702 of the Federal Rules of Evidence states that "a witness qualified as an expert by knowledge, skill, experience, training, or education" may offer expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed.R.Evid. 702. In United States v. Green, 548 F.2d 1261 (6th Cir.1977), this court set forth a four part test to review a trial court's decision to admit expert testimony: 1) qualified expert; 2) proper subject; 3) conformity to a generally accepted explanatory theory; and 4) probative value compared to prejudicial effect. Id. at 1268 (citation omitted). The admission of expert testimony is left to the sound discretion of the trial judge and his decision should not be reversed "unless manifestly erroneous." Id. at 1268 (citation omitted). The defendant challenges only the first and fourth factors of the Green test.
 
 
 23
 First, we reject the defendant's argument that because the agent has no expert knowledge about drug distribution in Franklin County, he was therefore not qualified to testify as an expert. Agent Goodowens testified at trial that he has worked as a DEA agent for eighteen years and is familiar with the manner in which marijuana is distributed. He stated that he has worked in many small, rural communities similar to Franklin County, Tennessee, where he has investigated drug distribution. Defendant offered no evidence to the contrary. Therefore, this argument is without merit.
 
 
 24
 We similarly reject the defendant's contention that the agent was not qualified to testify as to the amount of marijuana generally smoked by a person. Although Goodowens testified he did not smoke marijuana, his opinion was based on the fact that he has seen people smoke marijuana and has spoken with marijuana users. The testimony was elicited to show that the amount of marijuana found on defendant could not have been for personal use. Courts allow expert testimony on drug quantity to infer possession with intent to sell or dispel a defense that the drug was maintained for personal use. Green, 548 F.2d at 1270; United States v. Kelly, 679 F.2d 135, 136 (8th Cir.1982).
 
 
 25
 Second, we reject the defendant's contention that the probative value of agent Goodowens' testimony is outweighed by its prejudicial effect. This court, noting that this balancing is identical to the balancing test of Fed.R.Evid. 403, has stated that "in reviewing a 403 balancing, the court 'must look at the evidence in the light most favorable to the proponent, maximizing its probative value and minimizing its prejudicial effect.' " United States v. Smith, 736 F.2d 1103, 1107 (6th Cir.), cert. denied, 469 U.S. 868 (1984) (citations omitted). It is well settled that a qualified police detective may testify that certain evidence in the case indicates drug distribution and that such testimony is not unfairly prejudicial. United States v. Battle, 859 F.2d 56, 58 (8th Cir.1988); United States v. Dunn, 846 F.2d 761, 762-63 (D.C. Cir.1988) (and cases cited therein).
 
 
 26
 In this regard we must further analyze the defendant's argument that the expert was being asked to analyze the evidence and express an opinion as to the guilt of the defendant under Rule 704 of the Federal Rules of Evidence. Rule 704 provides that opinion testimony may be admitted even if it embraces an ultimate issue to be resolved by the trier of fact, unless the testimony concerns the defendant's mental state or condition. Fed.R.Evid. 704. A witness may not give a direct opinion on the defendant's guilt or innocence. United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987); cert. denied, 485 U.S. 968 (1988).
 
 
 27
 We are cognizant the fact that the distinction between permissible and impermissible expert opinions is often hazy, and note that the agent's testimony in this case comes dangerously close to exceeding the bounds of permissible opinion testimony. We do not find, however, that agent Goodowens' testimony was improper. The agent testified that from the amount of marijuana found on a defendant's person one could infer that it was for distribution, the fact that the defendant was carrying a gun was also indicative of a drug dealer, and further that the presence of numerous guns at a residence where marijuana is found indicates drug trafficking. We find that the law enforcement officer's expert testimony regarding the defendant's activities related to the modus operandi of narcotics distribution, not to the defendant's guilt or innocence, and was therefore properly admitted by the court. See e.g., Dunn, supra, (finding as properly admissible law officer's expert testimony that packaging paraphernalia found in a townhouse were common among drug distributors, and opinion as to overall nature of the activities being carried out was indicative of everyday distribution of illegal drugs); Espinosa, supra, (holding as admissible an expert's testimony that evidence indicated use of defendant's apartment as a "stash pad" for money and narcotics); Kelly, supra, (holding that it was proper for a narcotics officer to testify that the cocaine possessed by the defendant was "a quantity that would be possessed with intent to distribute").
 
 
 28
 We find that the district court's decision to admit the agent's testimony was not "manifestly erroneous," and well within its' broad discretion to make evidentiary rulings.
 
 
 29
 C. Sufficiency of Evidence on Weapons Conviction
 
 
 30
 The defendant's final contention is that there was insufficient evidence to support his conviction under 18 U.S.C. Sec. 924(c)(1) for carrying a gun "during and in relation to ... [a] drug trafficking crime...."[2] He contends that the government failed to prove that he intended to use the firearm found in his possession during any drug offense; arguing that "[i]f he really intended to use the weapon in the face of a threat to the drugs, he never would have told the police he had a weapon [in his hip pocket]. Only after the Defendant told the police he had weapon did they find it."
 
 
 31
 While the defendant is correct in asserting that the mere presence of a gun cannot equal a defendant's intent to use the weapon during the drug crime, United States v. Feliz-Cordero, 859 F.2d 250, 254 (2d Cir.1988), this court has held that
 
 
 32
 "uses" and "carries" should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions.
 
 
 33
 United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 110 S.Ct. 255 (1989). "[T]he statute does not require actual physical possession of a weapon or that the defendant actually brandished the weapon in the commission of the drug offense." Id. Furthermore, as we noted in United States v. Henry, 878 F.2d 937 (6th Cir.1989):
 
 
 34
 The legislative history of the 1984 amendment to section 924(c) indicates that the "in relation to" element will be satisfied "if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape. S.Rep. No. 225, 98th Cong. 2d Sess. 1, 314, n. 10 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3492 n. 10.
 
 
 35
 Id. at 943-44 n. 5.
 
 
 36
 This court reviews a sufficiency of the evidence claim by determining "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979), reh'g. denied, 444 U.S. 890 (1979).
 
 
 37
 There was testimony in this case that the defendant was on his way to distribute drugs to his fellow co-workers and that he did so every Thursday. There was evidence that the defendant was in actual possession of the weapon and that he had ready access to the firearm in his back pocket with which he could secure or enforce a narcotics transaction. Thus, while there was no proof that the defendant had actually used the weapon in any previous drug sales, the jury could nonetheless have reasonably inferred that defendant intended to use the gun to facilitate his drug transactions if the need arose. This inference is widely recognized as reasonable given the relationship between guns and drugs. See United States v. Henry, supra, 878 F.2d at 844 (recognizing fortress analogy). Accordingly, we find that there was sufficient evidence to support the defendant's conviction under 18 U.S.C. Sec. 924(c)(1).
 
 
 38
 For all the foregoing reasons, the judgment below is AFFIRMED.
 
 
 
 *
 The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio sitting by designation
 
 
 [1]
 The court cites no authority for such a proposition. In any event, the search of the truck was probably unlawful under the first rationale cited. See United States v. Long, 449 F.2d 288, 294 (8th Cir.1971), cert. denied, 405 U.S. 974 (1972) (items seized must be on the "premises" described in the warrant). Because the warrant in the present case stated that it applied to vehicles only on the defendant's premises, the search of the truck 0.3 miles down the road was outside the scope of the warrant
 
 
 [2]
 18 U.S.C. Sec. 924(c)(1) provides in relevant part:
 Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years....
 18 U.S.C.A. Sec. 924(c)(1) (Supp.1990).