**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfred Martin BAXTER, Jr.,**
**Defendant–Appellant.**

**No. 88–5479.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 26, 1989.

Decided Nov. 20, 1989.

Joseph M. Whittle, U.S. Atty., Monica Wheatley, Asst. U.S. Atty. (argued), Louisville, Ky., for plaintiff-appellee.

Geoffrey P. Morris (argued), Louisville, Ky., for defendant-appellant.

Before KRUPANSKY and WELLFORD, Circuit Judges, and HARVEY,[*] Senior District Judge.

WELLFORD, Circuit Judge.

Louisville police officers went to the defendant Martin Baxter's home to execute a search warrant for suspected drug trafficking. While waiting for other officers to arrive, police officers on the scene observed a man unknown to them enter and leave Baxter's home. After leaving the house, the man was stopped by the police and found to be in possession of cocaine. The police then proceeded to the defendant's house, and Detectives John Reed and Charlie Brown knocked on the front door. The defendant opened the door slightly, and the detectives observed another man sitting in the living room. Detective Reed then asked the defendant for a fictitious person to gain entry. Baxter apparently then realized that the two men were police officers and slammed the door. The detectives then immediately identified themselves as police officers and tried to go inside. Detective Reed's arm went through the glass in the front door as Baxter slammed it. The officers smashed through the door, Reed was injured in the process, and the defendant ran to the back of the house, pursued by the police.

Baxter proceeded to the bathroom where Detective Reed saw him with a revolver. An altercation ensued before Baxter was forcibly subdued and captured. Three vials of cocaine, 5¼ valium tablets, and a holster were found on Baxter. The other person in the house was found armed and in possession of cocaine.

Only then did police officers proceed to execute the search warrant for Baxter's residence. After being advised of his rights, Baxter told Detective Brown that there was marijuana in his bedroom. Another detective at the scene, Jerry Warman, had just discovered and dismantled a booby-trap shotgun in that bedroom. The gun was loaded, with one shell in the chamber, and the safety was off.

Other items found in the search included three bags of marijuana found in the bedroom and one bag of marijuana found in the appellant's car. Also discovered were thirty-nine valium tablets, $660 in cash hidden in a baseball hat, a set of triple-beam scales, a bottle of cocaine cutting agent, and several other weapons, loaded and operable. A total of 9.21 grams of almost 100% pure cocaine and 238 grams of primarily top quality marijuana were seized. The appellant admitted that he owned all of the drugs, guns, and paraphernalia seized in the search.

The defendant, charged with possession with intent to distribute drugs and possession of firearms in connection with the drugs, moved to suppress the evidence seized from his residence pursuant to the search warrant, claiming that the search was illegal and without probable cause. The primary issue in the appeal involves the search warrant and validity of the search. Detective Reed stated in his affidavit presented to a state judge that he had received information about Baxter and drug operations at his home from a certain "confidential informant."

The affidavit set out that Reed had been with the Louisville police for seven years and received information as follows:

A confidential informant pursuant to KRS 218A260. My confidential Informant's reliability and credibility has been established by the corroboration of facts and circumstances mentioned in this affidavit. My informant has been involved in the drug culture in the past and knows how drugs are packaged and sold.

My informant stated that a W/M by the name of Martin Baxter was selling cocaine from his house located at 127 William. My informant stated that Martin has been arrested in the past for drug charges. My informant told me that within the past 48 hrs. he/she had been to 127 William and while there observed Martin sell some Cocaine to white male unknown to him/her. My informant said that he/she saw plenty. My informant also said that Marti has delivered drugs in his truck in the past week. My informant said that Marti's Phone # is 89_____. All of the above happened in Louisville, Jefferson Co. Ky.

Acting on the information received Affiant conducted the following independent investigation. Det. Got description of residence. The address of 127 William comes listed to a Martin A. Baxter. Ky lic # HNO–543 is registered to a Martin A. Baxter at 127 William on a 1972 Datsun Pick-up truck. Arrest records were checked and a Martin A. Baxter was arrested on 12–1–79 for illegal possession of narcotics. The phone number 893–2834 is listed to a Martin and Kathy Baxter at 127 William. Det. set up surveillance and noticed no unusual traffic.

KRS 218A.260 referred to specifically by Reed sets out:

In any preliminary hearing, criminal trial, or other criminal proceeding involving an alleged violation of the controlled substance laws or regulations, evidence of information communicated to a peace officer by a confidential informant who is not a material witness to the guilt or innocence of the accused of the offense charged, shall be admissible on the issue of reasonable cause to make an arrest or search without requiring that the name or identity of the informant be disclosed if the judge is satisfied, based upon evidence produced in open court out of the presence of the jury, that such information was received from a *reliable informant* and in his discretion does not require such disclosure. (Emphasis added.)

The investigation confirmed that Baxter probably lived at the address given by the informant; that he owned the vehicle described and had a listed phone number in his name, and has a seven year old arrest record for illegal possession of narcotics. Brief surveillance of the residence revealed nothing further.

In his memorandum opinion on defendant's motion to suppress the district court found, among other things;

1. That the 'confidential informant' was an anonymous phone caller.

2. Detective Reed [who obtained the warrant] executed the warrant.

3. This paucity of material [resulting from the brief investigation] does not establish the reliability of the informant.

4. The caller had not provided past reliable information.

5. The information provided is the sort ascertainable by any citizen, with the possible exception of the defendant's prior drug-related arrest.

6. More police work was called for in this case prior to requesting the warrant.

7. The warrant was not prepared under such immediacy as might justify presenting the judge with a minimal affidavit.

Based on these findings concerning the warrant, the district court then concluded that "the Jefferson District Court Judge did not have a substantial basis for concluding that probable cause existed, and the warrant is, therefore, invalid." To this point of the district court opinion we find ourselves in agreement that "the affidavit falls short of that which is required under the *Gates*[1] totality of the circumstances test." The police officer unfortunately misrepresented the nature and character of the source of information to the issuing magistrate, who testified that had he been

---

1. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317,   76 L.Ed.2d 527 (1983).

made aware that the information related came from an anonymous tipster, "In that type situation, I generally ... examine it more closely for independent verification. The weaker the ability to produce the individual, the stronger the independent verification needs to be." He opined that under the circumstances brought out subsequently, "Quite frankly, I probably would have issued it."

The district court, despite the finding that the search warrant was invalid, also concluded that a good faith exception to the exclusionary rule expressed in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), was applicable and therefore admitted into evidence the contraband seized in Baxter's residence. We do not agree that the *Leon* exception applies under these circumstances after careful consideration of the facts of that case. The *Leon* search warrant was ruled invalid because the "affidavit failed to establish the informant's credibility." 468 U.S. at 904, 104 S.Ct. at 3410-11. In *Leon,* however, the police had conducted "an extensive investigation" and the same officer who procured the search warrant and had supplied insufficient information to constitute probable cause was not the executing officer.

A search warrant facially valid may be set aside where there has been a "knowing or reckless falsity of the affidavit." *Leon* at 914, 104 S.Ct. at 3416; *see Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We cannot say that there was "reckless falsity" involved here but there was, in our view, at least a knowing misstatement about the nature of the informant. The police officer himself was the source of the insufficient information.

"[S]uppression ... should be ordered only ... in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Leon,* 468 U.S. at 918, 104 S.Ct. at 3418. The rule should not apply "when an officer acting with objective good faith has obtained a search warrant and acted within its scope." *Id.* at 920, 104 S.Ct. at 3419. Exclusion of such evidence results in "[p]enalizing the officer for the magistrate's error, rather than his own." *Id.* at 921, 104 S.Ct. at 3419. However, we believe this to be a "bare bones" affidavit within the meaning of footnote 24 in *Leon,* and the officer involved here had to realize that the source of the information against defendant was an unknown party who was unavailable and could not be demonstrated to be "reliable." We therefore do not apply the *Leon* good faith exception on the facts of this case.

We will remand this case, however, for the district court's further consideration of a comment, added after its *Leon* determination, that "exigent circumstances may have existed at the time of the search." The district court expressly declined to make that decision at the time, but there may be an "exigent circumstance" exception applicable here.

We REVERSE the holding of the district court on the basis of *Leon,* but we REMAND for further consideration of the exigent circumstance question.