946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Alfred Martin BAXTER, Jr., Defendant-Appellee.
 No. 91-5172.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The government appeals the district court's orders granting defendant's motion to suppress evidence and vacating defendant's conviction. For the reasons that follow, we affirm the district court.
 
 I.
 
 2
 This case is before us following a remand. See United States v. Baxter, 889 F.2d 731 (6th Cir.1989) ("Baxter I"). The underlying facts are set forth in that opinion and only those necessary to resolve the instant appeal will be repeated here.
 
 
 3
 Allegedly acting on a tip from an anonymous telephone caller, Louisville police officers obtained a search warrant for defendant Martin Baxter's home. Detectives Reed and Brown proceeded to defendant's house, and attempted to gain entry to the dwelling by asking defendant for a fictitious person. Defendant slammed the door on the officers, who then crashed through the door injuring Reed in the process. Defendant was arrested and the house was searched. Id. at 732.
 
 
 4
 The district court denied defendant's motion to suppress evidence obtained during the search. We reversed, holding that the Leon[1] good faith exception to the exclusionary rule did not apply because Detective Reed had made "a knowing misstatement about the nature of the informant" in his affidavit. Id. at 734. We then remanded for a determination of whether exigent circumstances existed to justify the warrantless search. On remand the district court found that there were no exigent circumstances, granted defendant's motion to suppress and vacated his conviction. This appeal followed.
 
 II.
 
 5
 The government argued before the district court that the search was justified as a search incident to arrest in addition to its exigent circumstances theory. The district court did not expressly rule on the former theory, apparently interpreting our remand order to be limited to the exigent circumstances question. In this appeal the government argues only that the suppressed evidence is admissible under the search incident to arrest exception to the fourth amendment's warrant requirement.
 
 A.
 
 6
 This requires us as a preliminary matter to review the scope of our remand order to the district court. In Baxter I we stated:
 
 
 7
 We will remand this case, however, for the district court's further consideration of a comment, added after its Leon determination, that "exigent circumstances may have existed at the time of the search." The district court expressly declined to make that decision at the time, but there may be an "exigent circumstance" exception applicable here.
 
 
 8
 We REVERSE the holding of the district court on the basis of Leon, but we REMAND for further consideration of the exigent circumstance question.
 
 
 9
 Id. at 734.
 
 
 10
 In evaluating the scope of our remand we are mindful that "the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal." United States v. Miller, 822 F.2d 828, 832 (9th Cir.1987).
 
 
 11
 However, it is clear that the only issue expressly decided in Baxter I was that the Leon good faith exception did not apply. We expressed no opinion on whether another exception to the warrant requirement was available to justify the search of Baxter's residence. Although we remanded specifically for consideration of the exigent circumstance question, it was within the district court's discretion to consider the search incident to arrest exception as well. See Mirchandani v. United States, 836 F.2d 1223, 1225-26 (9th Cir.1988) (a district court on remand is free to make findings and conclusions not in conflict with the prior decision of the appellate court). "While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." Sprague v. Ticonic National Bank, 307 U.S. 161, 168 (1939).
 
 B.
 
 12
 We now consider whether the evidence used to convict Baxter is admissible under a search incident to arrest theory. The government contends that Baxter committed an assault when he shut his front door and cut Detective Reed's arm. Therefore, the government argues that the officers had probable cause to arrest Baxter for assault and that entry of the house was proper to effectuate the arrest. Once inside the house, the officers were then authorized to conduct a protective sweep of the house under Maryland v. Buie, 494 U.S. 325 (1990), and seize items in plain view. Coolidge v. New Hampshire, 403 U.S. 443, 466-67 (1971). Also, the police could legitimately search Baxter and the area within his immediate control after a valid arrest. Chimel v. California, 395 U.S. 752 (1969).
 
 
 13
 The government's argument is based on the false assumption that the police officers acted properly when they forced their way into Baxter's home. However, the undisputed facts are that the officers had no probable cause to search the residence because they had an invalid search warrant and lacked a good faith belief as to its validity.[2] Nor did the officers have probable cause to arrest Baxter prior to the alleged assault. The crucial fact here is that the officers attempted to enter the house prior to any alleged assault. The injury to Detective Reed occurred during the struggle at the door, after the officers had begun to force their way inside. Under these facts the arrest was incident to the search rather than the search being incident to the arrest.
 
 
 14
 This type of police conduct is prohibited by Payton v. New York, 445 U.S. 573 (1980), where the Supreme Court held that the police could not make a warrantless routine felony arrest in a suspect's home without exigent circumstances. "[T]his court has itself recognized that 'absent exigent circumstances, police officers may not enter an individual's home or lodging to effect a warrantless arrest or search.' " United States v. Bradley, 922 F.2d 1290, 1295 (6th Cir.1991) (quoting United States v. Morgan, 743 F.2d 1158, 1161 (6th Cir.1984), cert. denied, 471 U.S. 1061 (1985)). The police cannot circumvent Payton by creating exigent circumstances or an alleged assault through their own unlawful conduct. Morgan, 743 F.2d at 1163; United States v. Thompson, 700 F.2d 944, 947 & n. 1, 950 (5th Cir.1983). Accordingly, we AFFIRM the district court.
 
 
 
 [1]
 United States v. Leon, 468 U.S. 897 (1984)
 
 
 [2]
 At oral argument, the government claimed our prior decision only held that Officer Reed misstated the nature of the confidential informant and not that Reed acted in bad faith. This sophistry distorts our prior decision and misconstrues the nature of the good faith exception. This court expressly stated that the "officer involved here [Reed] had to realize the source of the information against defendant was an unknown party who was unavailable and could not be demonstrated to be 'reliable'. We therefore do not apply the Leon good faith exception on the facts of this case." Baxter I, 889 F.2d at 734. This is a clear statement that Officer Reed did not act in good faith. Moreover, good faith under Leon is based on the "objective reasonableness" of the officer's belief in the warrant's validity. Leon, 468 U.S. at 919 n. 20. Here, our conclusion that Reed misstated the nature of the informant in his affidavit makes his conduct objectively unreasonable