985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert K. INGRAM, Defendant-Appellant.
 No. 92-5367.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1993.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Robert K. Ingram was convicted of possession of lysergic acid diethylamide (LSD) with intent to distribute under 21 U.S.C. § 841. Defendant contends that the conviction was based on illegally-obtained evidence. Finding that the officers acted in good faith, we AFFIRM.
 
 I.
 
 2
 On July 22, 1991, a Greenville, Tennessee, police officer obtained a search warrant for defendant's residence from the state circuit court. In his affidavit to show probable cause for the warrant, the officer stated:
 
 
 3
 Affiant states that on July 22, 1991, he received information from a citizen informant that Robert Ingram was in possession of LSD in liquid form. Citizen informant advised affiant that citizen informant had been at the residence of Robert Ingram within the past 5 days and had observed the LSD which was contained in two small vials or bottles, one of which had a blue top, the other a green top. Affiant further states that [Drug Task Force] Agent Steve Burns has also received information from a confidential informant that Robert Ingram was selling LSD in a liquid form placed on sugar cubes. Agent Burns['a] information was received within the last 30 days.
 
 
 4
 Citizen informant provided affiant with directions to Robert Ingram's residence and [a] description of [the] residence which has been verified by affiant.
 
 
 5
 Jt.App. at 9. Upon execution of the warrant, officers found one vial of LSD with a green lid, sugar cubes, and drug paraphernalia. A small bag of marijuana was found on defendant's person. The government sought to indict defendant in state court for possession with intent to distribute. The state court suppressed the evidence finding that the affidavit was inadequate to show probable cause under the Fourth Amendment and the Tennessee Constitution.
 
 
 6
 Subsequently, the government indicted defendant in federal district court based on the same evidence. Defendant again moved to suppress the evidence, but the district court denied this motion finding that the warrant was supported by probable cause. Defendant was convicted of and sentenced for the drug charge.
 
 II.
 A.
 
 7
 Defendant argues that the warrant was not based on probable cause because the affidavit does not state any facts with which the issuing judge could evaluate the reliability or veracity of the informants named. We agree.
 
 
 8
 In Illinois v. Gates, 462 U.S. 213 (1983), the Supreme Court adopted a totality-of-the-circumstances approach to determining the existence of probable cause. Id. at 230-31. The Gates Court expressly rejected mechanical tests to evaluate search warrants based on informant's tips. The Court explained that the credibility, reliability, and veracity of an informant are all relevant in the determination of probable cause, but that no specific quantum of evidence is required on any one factor. Id. at 230.
 
 
 9
 In the present case, the affidavit presented to prove probable cause existed is insufficient. It does not discuss any prior dealings with either of the informants. Further, the affidavit does not state that the officer attempted to corroborate any of the information provided to him beyond the address and description of defendant's residence. In United States v. Smith, 783 F.2d 648 (6th Cir.1986), we stated that "[an] informant's tip alone would not [be] sufficient." Id. at 650. We require some corroboration of the informant's reliability and veracity in order to find probable cause. Id. at 651. Moreover, merely verifying public information such as addresses, phone numbers, license numbers, and even criminal records is not sufficient to corroborate an informant's statement. United States v. Baxter, 889 F.2d 731, 733 (6th cir.1989). Thus, the officer's corroboration of the informant in this case is not sufficient because it merely verifies the address and location of a residence.
 
 
 10
 Use of the term "citizen informant" does not change this result. It is true that statements of victims and eyewitnesses of crimes are entitled to a presumption of reliability and veracity without independent corroboration. See United States v. Phillips, 727 F.2d 392, 397 (5th Cir.1984); United States v. Swihart, 554 F.2d 264, 269 (6th Cir.1977). This is because eyewitnesses' statements are based on firsthand observations, not "idle rumor or irresponsible conjecture." Phillips, 727 F.2d at 397 (quoting United States v. Bell, 457 F.2d 1231, 1238 (5th Cir.1972)). However, this rationale only applies to "identified bystander[s] or victim-eyewitness[es]" as opposed to an "anonymous tipster." Id. Because the "citizen informant" in this case was actually an "anonymous tipster," his statements are not entitled to a presumption of reliability. Absent any corroboration, the affidavit simply does not show probable cause.
 
 B.
 
 11
 Lack of probable cause is not necessarily fatal to a conviction based on evidence seized with the invalid warrant. In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court explained that evidence obtained illegally need not be suppressed unless "a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n. 23.
 
 
 12
 Defendant argues that the officer in the present case cannot claim good faith reliance because the officer led the magistrate to believe that two informants existed while in reality only one existed. Defendant also contends that the officer could not have held an objectively reasonable belief that probable cause existed. The government disagrees with both contentions.
 
 
 13
 Defendant argues that the officer testified that only one informant existed while the affidavit indicates that two informants existed. The relevant testimony of the officer at the state suppression hearing is:
 
 
 14
 Q: All right. Now with respect to the affidavit, there are two informants mentioned here, are there not?
 
 
 15
 Q: Yes.
 
 
 16
 Q: And I take it that with respect to the so-called confidential informant, that's the second one; is that correct?
 
 
 17
 Q: Yes, sir.
 
 
 18
 Q: Citizen informant is number one, and the confidential informant is informant number two?
 
 
 19
 Q: No, the first informant that is mentioned is the citizen informant.
 
 
 20
 Q: That's right.
 
 
 21
 Q: He is also the confidential informant. The second person that I recieved information from would be Agent Steve Burns....
 
 
 22
 Q: So, that's hearsay on hearsay? Is that what you're telling me? You didn't talk to the second informant.
 
 
 23
 Q: There's only one informant besides Steve Burns. The citizen informant that I refer to in here is the confidential informant.
 
 
 24
 Q: And in other words, are you saying that Agent Burns had a conversation with the same person?
 
 
 25
 Q: No, Agent Burns gave me information in regards to Mr. Ingram that he had received. I don't know where he got his information, but he gave information to me that Mr. Ingram was, in fact, selling LSD. (emphasis added).
 
 
 26
 Although the testimony is somewhat confused, it does not state that only one informant exists. Rather, it indicates that the officer spoke to only one informant and received information through another officer, just as the affidavit states. This testimony does not show an attempt to mislead the magistrate.
 
 
 27
 Defendant also contends that the officer could not have held an objectively reasonable belief that probable cause existed because of the lack of corroboration of the informants' testimony.
 
 
 28
 We disagree. The officer relied on two sources of information. First, the citizen informant relayed recently obtained firsthand knowledge of drug activity at defendant's residence. Second, a fellow officer relayed information from a confidential informant corroborating the citizen informant's testimony. An officer could reasonably believe that the affidavit showed probable cause.
 
 
 29
 Although in Baxter we held that officers could not rely in good faith on a warrant supported only by an informant's tip, that case also involved a knowing misstatement by the officers that they knew the identity of the informant when in actuality they did not. Baxter, 889 F.2d at 733-34. No misstatements about the nature of the informants are present here. Further, as noted above, the officer relied on two independent sources of information, not a single informant. We hold that the affidavit here contained sufficient indicia of probable cause for a reasonable officer to believe that probable cause actually existed. The good faith exception of Leon applies and the evidence was properly admitted.
 
 
 30
 For all the foregoing reasons, we AFFIRM.