23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bud Junior HAYES and Bobby Rayfield, Defendants-Appellants.
 Nos. 93-5838, 93-5847.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Both defendants were charged in a three-count indictment with conspiracy under 21 U.S.C. Secs. 846, 841(b)(1)(B)(vii) to manufacture, distribute and possess with intent to distribute marijuana; aiding and abetting in manufacture of marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(B)(vii), and 18 U.S.C. Sec. 2; and aiding and abetting in possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The jury found Rayfield guilty of all counts and Hayes not guilty of count one, conspiracy, but guilty of count two and as to count three, guilty of the lesser included offense of possession of marijuana. Defendants' appeals have been consolidated.
 
 I.
 
 2
 On August 5, 1992, Detective Donnie Huskey of the Sevier County Sheriff's Department executed a search warrant at 360 Alder Branch Road. Defendant Hayes owned the property and defendant Rayfield resided there. During the search, the officers discovered a set of scales in the kitchen with a cryptic and possibly inculpatory note;[1] two small bags of marijuana in the refrigerator; marijuana residue on top of a sewing machine; and, a room with a clothesline stretched wall-to-wall, a high intensity lamp, and plant residue on the floor. The officers also discovered marijuana roaches and paraphernalia.
 
 
 3
 After searching the residence, the officers proceeded to search the wooded area surrounding the house where they discovered eight patches of marijuana. The first patch was approximately thirty to forty yards down a path leading from Hayes' yard. The officers discovered an old car containing pelletized limestone, a substance used as plant food, at the beginning of the path. They also discovered two brown paper bags that appeared to have been hidden in the underbrush off the path. One of the bags contained fifteen smaller bags holding marijuana. The second bag contained marijuana plant material. A total of 147 marijuana plants were removed for the eight patches.
 
 
 4
 After the officers completed their search of the house, but before they searched the wooded area, both defendants were taken into custody. After the defendants were advised of their rights, Rayfield approached detective Huskey and told Huskey that all of the marijuana was Rayfield's and that Hayes would not know a marijuana plant if it "hit him in the face."
 
 
 5
 At trial, Shannon Parton, a long-time acquaintance of Rayfield, testified that he had purchased marijuana from Rayfield in December of 1991, and that while he was visiting Hayes' residence he learned that Rayfield lived with Hayes for the purpose of growing a marijuana crop. Parton also testified that Hayes told Parton that he was taking his mailbox down and turning off his telephone and power so people would stay away from his property.
 
 II.
 
 6
 Hayes appeals one issue: whether the trial court abused its discretion in failing to grant his motion for severance. Under Fed.R.Crim.P. 14, the trial court may grant a severance if it appears that a defendant is prejudiced by a joinder of offenses or defendants. A severance motion is deemed waived, however, if it is not renewed at the end of the evidence. United States v. Sturman, 951 F.2d 1466, 1476 (6th Cir.1991), cert. denied, 112 S.Ct. 2964 (1992). Although Hayes filed a motion for a new trial based on the severance issue, this action fails to meet the standard.
 
 
 7
 Even if the issue had been preserved, the district court did not abuse its discretion in denying the motion. In United States v. Causey, 834 F.2d 1277, 1287 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988) (citation omitted), we held that four criteria must be met by a defendant seeking severance for the purpose of obtaining codefendant testimony unavailable in a joint trial: "(1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed."
 
 
 8
 The trial court denied Hayes' motion because he failed to present the substance of the testimony he expected from Rayfield or any affirmative evidence that Rayfield would actually testify if the trials were severed. In his motion for a new trial, Hayes noted that at the time the motion for severance was denied it was not clear whether Rayfield would testify at the trial; however, because Rayfield was convicted, Hayes concluded that Rayfield had no reason to be unavailable to testify at Hayes' new trial.[2] This speculation does not satisfy the Causey requirement and further provides no basis to excuse the defendant's failure to renew his objection at the close of evidence.
 
 
 9
 Accordingly, we affirm the district court's denial of the defendant's motion for severance.
 
 III.
 
 10
 Bobby Rayfield challenges his conviction on three grounds: (1) that the district court erred in refusing to suppress the evidence discovered during the search of Hayes' house because the affidavit in support of the search warrant did not establish probable cause; (2) that the district court erred in allowing detective Huskey to testify that certain material was marijuana residue; and, (3) that the district court erred in allowing Parton to testify about a prior purchase of marijuana from Rayfield.
 
 A. Motion to Suppress
 
 11
 We turn first to the suppression issue. We review a denial of a motion to suppress in the light most favorable to the government, uphold findings of fact unless clearly erroneous, and review the existence of probable cause de novo. United States v. Leake, 998 F.2d 1359, 1362 (6th Cir.1993). Under the "totality of circumstances" approach used to determine probable cause where a partially corroborated anonymous informant's tip is at issue, an informant's veracity, reliability, and basis of knowledge are relevant. Illinois v. Gates, 462 U.S. 213 (1983).
 
 
 12
 Defendant contends the affidavit failed to establish probable cause[3] because it did not link the marijuana growing in the field to the defendants, the informant's statements were not substantially corroborated by police investigation, and, it lacked any indication that the informant provided officers with reliable information in the past. We find these arguments unavailing.
 
 
 13
 Huskey stated in the affidavit that he viewed the marijuana growing near the house and that a "well distinguished path" led from the yard to the site of the marijuana plants. This links the defendants to the marijuana. The marijuana need not be grown on property owned by Hayes to establish a fair probability that evidence of a crime will be found in a particular area. Further, we note that Huskey corroborated the existence of the marijuana and its location, learned of Rayfield's prior convictions, and corroborated evidence of the crime not mere innocent details provided by the informant.
 
 
 14
 Although Rayfield argues that Parton's veracity is called into question because of a prior conviction of a crime of dishonesty (check forgery), and his motive for informing--a disagreement with Hayes, veracity is nevertheless adequately established. Parton had been in Hayes' house within the past 48 hours and saw marijuana in the house at that time. He provided a detailed floor plan of the defendants' residence and another drawing of the location of the marijuana patches in relation to the residence. These drawings demonstrate that Parton had some specific knowledge of the operation. Furthermore, Huskey's investigation confirmed some of the information provided by Parton.
 
 
 15
 Accordingly, we decline to suppress the fruits of the search warrant.
 
 
 16
 B. Huskey's Testimony Regarding Marijuana Residue
 
 
 17
 Rayfield filed a motion in limine to exclude any reference by a government witness to material as "marijuana residue." The trial court denied the motion and Huskey testified that, in his opinion, the material found on the hall table and in the room with the clothesline was marijuana. The detective testified only as to his observations and no field testing was conducted on the residue. Rayfield contends that the testimony was inadmissible under either Fed.R.Evid. 701 or 703 because neither rule allows the identification of marijuana residue without some type of chemical testing of the substance or personal knowledge gained through use of the substance.
 
 
 18
 Initially, we note that defendant failed to object contemporaneously with the testimony as needed to preserve an objection to a motion in limine for appeal. United States v. Frazier, 936 F.2d 262, 266 (6th Cir.1991). Therefore, we review the alleged error under the plain error standard. Id. Plain error is defined as "egregious error, one that directly leads to a miscarriage of justice." Id. Here, Rayfield argues that plain error is established by the length of time the jury deliberated--over two days; the need for an Allen instruction; and, the weak nexus between the defendants and the marijuana growing in a field with multiple routes of access.
 
 
 19
 The record contains ample evidence to support Rayfield's conviction absent the "marijuana residue" testimony of Huskey. Marijuana was grown in eight separate patches near Hayes' property and a single path led to the first patch directly from the edge of Hayes' yard. That path continued on to connect the remaining paths. There was plant material, identified as marijuana by a chemist, in the vegetable drawer of Hayes' refrigerator. A set of hand scales and the note were found in the kitchen, and a clothesline and high intensity lamp in another room. Finally, Rayfield told Huskey that the marijuana was his. In addition, Parton testified that he had seen marijuana hanging in the drying room, testified that defendants were growing the crop, and intended to launder the money they made. Thus, we find no miscarriage of justice.
 
 
 20
 C. Parton's Testimony Regarding A Prior Purchase of Marijuana
 
 
 21
 Rayfield also moved in limine to exclude any testimony that he had engaged in drug dealing with Parton. The district court ruled that such testimony would be admissible to show the background and development of the conspiracy or as evidence of a prior criminal act pursuant to Fed.R.Evid. 404(b). Rayfield argues that admission under Rule 404(b) was improper because the court made no finding as to whether the probative value outweighed the prejudicial effect.
 
 
 22
 At trial, Parton testified that he purchased marijuana from Rayfield in December of 1991. Defendant did not object to the testimony, therefore, our review is limited to determining whether plain error was committed in allowing the testimony. Here, plain error did not occur for the reason previously stated.
 
 
 23
 We AFFIRM the convictions of both defendants.
 
 
 24
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 25
 I concur in the result reached by the majority in the instant case. I write separately, however, to highlight an issue that warrants greater emphasis than it receives in the majority opinion.
 
 
 26
 With regard to the trial court's denial of Defendant Rayfield's motion to suppress, the majority found that Officer Huskey's observation of the marijuana growing behind Hayes' home, and his further observation of a well-defined path between the home and the crop were sufficient to create probable cause for the issuance of the warrant.
 
 
 27
 While I agree that probable cause does exist in this case, I find that this conclusion is a function of our deferential standard of review, and not a function of the thoroughness, or lack thereof, of the investigation conducted by Officer Huskey. Generally, we have relied upon more thorough investigations than that conducted in the instant case before finding that a substantial basis for the issuance of a warrant exists. See, e.g., United States v. Sims, 975 F.2d 1225, 1238 (6th Cir.1992) (search of house upheld where defendant contacted officer's to set up drug deal and initially suggested that deal occur at house, and where defendant was at large and may have tried to conceal evidence that remained in the house), cert. denied, 113 S.Ct. 1315 (1993); United States v. Davidson, 936 F.2d 856, 859-60 (6th Cir.1991) (prior to issuance of warrant officers observed defendant frequently meet with known drug dealers, observed defendant drive car of a suspected drug trafficker, observed defendant use a pay telephone on numerous occasions when out with his co-defendant, and overheard two cryptic references to drug deals during surveillance); United States v. Martin, 920 F.2d 393, 398 (6th Cir.1990) (information provided in affidavit was verified by law enforcement officers and resulted in two purchases of drugs); United States v. Campbell, 878 F.2d 170, 174 (6th Cir.) (probable cause was found where three independent reliable informants provided the basis of the affidavit), cert. denied, 493 U.S. 894 (1989); and United States v. Pelham, 801 F.2d 875, 878 (6th Cir.1986) (affidavit relied on testimony of named informant who testified to actually seeing narcotics in the home), cert. denied, 474 U.S. 1092 (1987).
 
 
 28
 However, despite the fact that this court has generally approved the issuance of a warrant in cases where more extensive investigation has been done, it cannot be said that the district court here erred in light of the standard of review. "[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." Illinois v. Gates, 462 U.S. 213, 237 n. 10 (1983). Where, as here there was an arguable basis for the magistrate's determination, I agree with the majority that the validity of the warrant should be upheld. See Davidson, 936 F.2d at 859 ("probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity") (citing Gates, 462 U.S. at 236).
 
 
 
 [1]
 The note reads, "Sold out. Came and got more. See you later. Here's yours."
 
 
 [2]
 Further, Hayes indicated that the exculpatory testimony would be available provided Rayfield was tried first. Alleged co-conspirators may not control the order of their trials if the trials are severed. United States v. Blanco, 844 F.2d 344 (6th Cir.), cert. denied, 486 U.S. 1046 (1988)
 
 
 [3]
 The affidavit contains no indication that Parton saw the defendants performing any function associated with the manufacture of marijuana. Therefore, defendant concludes that the tip was not " 'rich' in relevant detail," United States v. Leake, 998 F.2d 1359, 1365 (6th Cir.1993), and that this case involves a "bare bones" affidavit insufficient to establish probable cause. See United States v. Baxter, 889 F.2d 731 (6th Cir.1989), aff'd, 946 F.2d 896 (1991). In Baxter, the tipster was an anonymous phone caller and the police officer misrepresented the nature and character of the source of information in seeking a search warrant. It is distinguishable from the facts in this case. Parton revealed his identity to detective Huskey