UNITED STATES of America, Plaintiff,

v.

Eddie BRYANT, Defendant.

No. 94–80916.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 16, 1997.

Saul A. Green, United States Attorney, Michael R. Carithers, Assistant United States Attorney, Detroit, MI, for Plaintiff.

Jonathan M. Epstein, Federal Defender Office, Detroit, MI, for Defendant.

## MEMORANDUM, OPINION AND ORDER

GILMORE, District Judge.

Eddie Bryant ("Defendant") is charged in a one-count indictment as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The indictment in this case followed from the execution of a search warrant upon Defendant's Detroit residence. The parties are now before the Court on Defendant's Motion to Suppress Evidence and Statements.

### I.

On November 6, 1996, the Detroit Police Department ("DPD") and the Bureau of Alcohol, Tobacco, and Firearms ("ATF") obtained a search warrant for Defendant's residence. The application for the search warrant was based upon the affidavit of Gerald Packard ("Packard"). Packard is a DPD officer and a member of the Joint ATF/DPD Firearm and Narcotic Violation Task Force. The affidavit states that a confidential informant told Packard that he or she had seen Defendant "in possession of a .380 caliber handgun and a 9mm handgun at his home" within the past twenty-four hours. Packard describes the informant as follows:

[The informant] has on at least five (10)[1] occasions provided information to the [DPD] and ATF. In all instances the information provided by this source was investigated and found to be true. The information that was provided by this source led to the seizure of firearms and narcotics.

The affidavit also reports that Packard verified that Defendant was convicted in Detroit Recorder's Court in 1989 of the felony of breaking and entering. In addition, it says that Packard conducted surveillance of the residence and saw Defendant entering and leaving. Finally, it contains Packard's opinion that probable cause exists that Defendant is in violation of 18 U.S.C. § 922(g) which prohibits the possession of firearms by felons.

Based on this affidavit, a federal magistrate judge issued a search warrant for "any and all firearms to include a 9mm and a .380 caliber handgun, ammunition, residency documents, and records of acquisition." The search warrant was executed the next day, November 7, 1996. Packard and certain ATF agents seized four firearms from Defendant's residence including two meeting the descriptions in the affidavit and search warrant.

Defendant now argues that the search warrant executed upon his residence was insufficient to support a finding of probable cause. As such, he asserts that this Court must suppress the physical evidence seized from his residence as well as statements that he provided to officers following the search. The Court agrees.

### II.

█ The Fourth Amendment states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation...." U.S. CONST. amend. IV. The determination as to whether probable cause exists are made by magistrate judges who must determine in each instance whether the affidavit supporting an application for a search warrant contains sufficient information about the under-

lying circumstances. *Whiteley v. Warden,* 401 U.S. 560, 564, 91 S.Ct. 1031, 1034–35, 28 L.Ed.2d 306 (1971). These supporting facts need not be based on the direct knowledge and observations of the affiant, but may also come from hearsay information supplied by an informant. *Jones v. United States,* 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960).

█ In *Illinois v. Gates,* the Supreme Court held that a warrant must be upheld as long as the "magistrate had a 'substantial basis ... for conclud[ing]' that a search would uncover evidence of wrongdoing." 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983) (quoting *Jones,* 362 U.S. at 271, 80 S.Ct. at 736). The reviewing court must pay great deference to the determinations of probable cause made by a magistrate, whose findings should not be set aside unless arbitrarily exercised. *United States v. Pelham,* 801 F.2d 875, 877 (6th Cir.1986). At the same time, the "court must still insist" that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for police." *Aguilar v. Texas,* 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964).

█ The Court in *Gates* established a "totality of the circumstances" test for reviewing affidavits based largely upon hearsay:

The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

462 U.S. at 238, 103 S.Ct. at 2332. Following *Gates,* the Sixth Circuit recognizes two factors as critical to a determination of whether an affidavit based on a confidential informant's tip provides a substantial basis for finding probable cause: (1) "First, an 'explicit and detailed description of alleged wrongdoing, along with a statement that the event

---

**1.** This typographical error appears in the affidavit. Defendant submits that its existence demonstrates that Packard borrowed the text directly from a prior affidavit and did not write it with this particular case in mind.

was observed firsthand, entitles [the informant's] tip to greater weight than might otherwise be the case.'" *United States v. Sonagere,* 30 F.3d 51, 53 (6th Cir.1994) (quoting *Gates,* 462 U.S. at 234, 103 S.Ct. at 2330). (2) Second, corroboration of the tip through the officer's independent investigation is significant. *Id.* (quoting *Gates,* 462 U.S. at 244, 103 S.Ct. at 2335).

Even in those cases in which a search warrant is issued without a showing of probable cause, the accompanying exclusionary rule will not be applied unless a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). However, the *Leon* good-faith exception is inappropriate in four situations. First, it is inappropriate if the issuing magistrate was "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Leon,* 468 U.S. at 923, 104 S.Ct. at 3421. Second, it is inappropriate if the magistrate "wholly abandoned his judicial role." *Id.* Third, it is inappropriate if the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (quoting *Brown v. Illinois,* 422 U.S. 590, 610–11, 95 S.Ct. 2254, 2265, 45 L.Ed.2d 416 (1975)). Fourth, it is inappropriate if the warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot presume it to be valid." *Id.*

### III.

■ Defendant argues that the affidavit used to secure the search warrant in this case does not provide a substantial basis for a finding of probable cause. In addition, he contends that the *Leon* good-faith exception does not apply because the affidavit was so lacking in indicia of probable cause that official belief in its existence would be unreasonable. The government argues that because the crime at hand is merely a matter of possession and because the confidential informant had provided information in the past which led to the seizure of firearms and narcotics, the information in the affidavit was clearly sufficient for a finding of probable cause. Upon review of the Sixth Circuit's recent treatment of this issue in *United States v. Weaver,* 99 F.3d 1372 (6th Cir.1996), this Court finds that the requested suppression is in order.

In *Weaver,* the affidavit under review, the text of which was largely pre-printed, stated that information previously provided by the informant had been·"'found to [be] accurate and reliable.'" 99 F.3d at 1375. It also stated that the informant had been at the defendant's residence within the past seventy-two hours and "'while thereon personally observed [defendant] having personal possession and control over a quantity of marijuana being held expressly for the purpose of unlawful distribution.'" 99 F.3d at 1375–76.

The Sixth Circuit held that the affidavit did not provide a substantial basis for a finding of probable cause. In so holding, the court pointed to a number of deficiencies. First, it objected to the fact that the affiant-officer "present[ed] no underlying factual circumstances to support the informant's knowledge regarding distribution, nor [his] own 'belief' that these quantities of marijuana were present 'for the purpose or with the intention of unlawful possession, sale, or transportation.'" 99 F.3d at 1378. It suggested that the informant could, for example, have provided a description "of the marijuana and how it was maintained, identifying aspects of the location in the residence where the marijuana or distribution paraphernalia was seen or kept, [or] a description of [the defendant]." 99 F.3d at 1378 n. 4. Second, the court pointed to the fact that "[t]here is no indication in this affidavit that this informant provided reliable information in the past leading to drug-related arrests or prosecutions." 99 F.3d at 1379. Finally, it placed perhaps the greatest emphasis upon the fact that the affiant-officer "undertook no substantive independent investigative actions to corroborate his informant's claims...." *Id.* Under the totality of these circumstances, the court held that the affidavit did not provide a substantial basis for a finding of probable cause.

The Sixth Circuit then addressed whether to invoke the *Leon* good-faith exception to the exclusionary rule. In making this determination, it took note of the fact that while the affiant-officer possessed "some information from a previously reliable informant regarding possible criminal activities," that which he lacked was determinative. 99 F.3d at 1380. Specifically, he

(1) possessed no prior personal knowledge of any unlawful activity by this suspect, or at the suspect residence, other than an old conviction on completely unrelated circumstances; (2) possessed no present knowledge of any connection between this suspect and marijuana possession or distribution; (3) had not personally seen any marijuana at the suspect residence nor conducted any visual reconnaissance of the property to determine whether marijuana was likely to be present on the property; and (4) possessed only third-party hearsay information about a possible marijuana grow operation on the property.

*Id.* Given these facts, the court held that the affiant-officer "should have realized that he needed to do more independent work to show a fair probability that this suspect was either possessing, distributing, or growing marijuana." *Id.*

The court in *Weaver* undertakes a stringent review of the affidavit under consideration. As such, it must be viewed as a departure from the approach taken in the earlier case of *United States v. Finch,* 998 F.2d 349 (6th Cir.1993). In *Finch,* the court reviewed an affidavit very similar to the affidavit at hand in all significant respects. That affidavit read as follows:

Affiant has talked with a reliable informant ... who has given the affiant other information in the past which has been found to be true and correct, and which has resulted in several narcotics arrests and drug seizures. This reliable informant stated that within the past five days ..., this reliable informant has been inside the above described residence and has seen the [defendant] storing and selling cocaine....

998 F.2d at 352. In upholding the sufficiency of this affidavit to support a finding a probable cause, the court focused primarily on the fact that the government's informant had given information resulting in drug arrests and seizures in the past. It said that a "magistrate examining this information in the required commonsense fashion could readily conclude that the informant was familiar with the appearance of controlled substances ... and could identify them by observation." *Id.*

The affidavit reviewed in *Weaver* and the affidavit reviewed in *Finch* differ in only two noteworthy respects. First, the latter contained a statement that the informant's prior tips had led to arrests and drug seizures while the former provided no indication that the informant had ever provided information which led to an arrest, seizure, or prosecution. Second, the affidavit in *Weaver* was written on a pre-printed form, while there is no indication in *Finch* that the affidavit was written on such a form. A review of the *Weaver* case, however, does not suggest that the court would had upheld the affidavit in that case even had it contained further information on the reliability of the informant and had its content been fully written out. Although the court criticized these deficiencies, it seemed primarily concerned with the lack of detail in the informant's report and the failure of the officer to conduct further surveillance in an attempt to corroborate the substantive allegations. As such, *Weaver* appears to represent a departure from the less exacting review of *Finch* and the adoption of a stricter approach to the governing law. This Court must now take that approach.

## IV.

Turning to the affidavit presently under review, the Court notes several deficiencies. First, the facts provided with regard to possession are extremely bare. The only detail provided pertains to the types of firearms that were allegedly seen in Defendant's possession. Under *Weaver,* this degree of detail must be viewed as wanting. In *Weaver,* the affidavit simply stated that the informant observed the defendant in possession of marijuana. 99 F.3d at 1375–76. Again, the

court held that the affidavit contained insufficient detail and could have provided, for example, a description "of the marijuana and how it was maintained, identifying aspects of the location in the residence where the marijuana or distribution paraphernalia was seen or kept, [or] a description of [the defendant]." 99 F.3d at 1378 n. 4. Given that, this Court must find that the statement that the affiant in this case had observed Defendant "in possession of a .380 caliber handgun and a 9mm handgun at his home" is lacking in relevant detail.

 Furthermore, there is no suggestion in the affidavit that Packard or any other agent attempted to conduct surveillance intended to corroborate the fact of Defendant's possession of firearms. Rather, the affiant corroborated the informant's tip only as to Defendant's address and criminal record. However, the law is clear that "merely verifying public information such as addresses ... and criminal records is not sufficient to corroborate an informant's statement." *United States v. Ingram*, 985 F.2d 562 (1993) (citing *United States v. Baxter*, 889 F.2d 731, 733 (6th Cir.1989)).

Given the lack of relevant detail and meaningful corroboration, the question thus becomes whether the affidavit will stand on the single fact that it states that the informant " 'has on at least five (10) occasions provided information to the Detroit Police and ATF,' " that " '[i]n all instances the information provided by this source was investigated and found to be true,' " and that " '[t]he information that was provided by this source led to the seizure of firearms and narcotics.' " Although these statements as to the informant's reliability are more substantive than those in the affidavit reviewed in *Weaver*, this Court cannot find, under totality of the present circumstances, that such a statement provides a substantial basis for a finding of probable cause. The Sixth Circuit has shown that more must be required.

## V.

Finally, this Court also finds that the *Leon* good-faith exception cannot operate to prevent the exclusion of the relevant evidence and statements. Given the serious deficiencies in the affidavit the court finds that a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Indeed, the statements made by the court in *Weaver* in rejecting the application of the exception in that case would apply with equal force in this case. As such, this Court finds that the DPD and the ATF "should have realized that [they] needed to do more independent work to show a fair probability that this suspect was ... possessing" firearms. *Weaver*, 99 F.3d at 1380.

## VI.

Based on the foregoing, this Court grants Defendant's Motion to Suppress Evidence and Statements.

**IT IS SO ORDERED.**