[Cite as *State v. Miller*, 2013-Ohio-2851.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| | : | |
| DALE MILLER | : | Case No. 12 CA 14 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:
Appeal from the Guernsey County
Court of Common Pleas, Case No.
11 CR 82

JUDGMENT:
Affirmed

DATE OF JUDGMENT:
June 21, 2013

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
Prosecuting Attorney
139 West 8th Street
Cambridge, OH 43725

For Defendant-Appellant

MELISSA M. PRENDERGAST
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, OH 43215

*Baldwin, J.*

{¶1}    Defendant-appellant Dale Miller appeals from the denial by the Guernsey County Court of Common Pleas of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On August 11, 2011, the Guernsey County Grand Jury indicted appellant on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(C)(1)(a), a felony of the fourth degree, and one count of having weapons while under disability in violation of R.C. 2923.13, a felony of the third degree. At his arraignment on August 22, 2011, appellant entered a plea of not guilty to the charges contained in the indictment.

{¶3}    Thereafter, on October 12, 2011, appellant filed a Motion to Suppress all evidence seized from the search of his residence, including firearms and drugs. Appellant, in his motion, alleged that the affidavit upon which the search warrant was based lacked probable cause and that, therefore, the search warrant must be invalidated. Appellant filed two supplements to his motion.

{¶4}    A hearing on appellant's Motion to Suppress was held on October 31, 2011 and November 4, 2011. At the hearing, Sergeant Mark Baker of the Cambridge Police Department testified that he was a narcotics investigator. He testified that shortly after taking the position in March of 2011, he began investigating Robert Miller, appellant's son. He began his investigation on or about May 25, 2011. The Sergeant testified that he believed that Robert Miller resided at 522 Whitaker Avenue in Cambridge with appellant.

{¶5}    Sergeant Baker testified that, on May 26, 2011, he met with Chelsea Neff who had been introduced to him by the Guernsey County Sheriff's Department.  Neff told him that she was a recovering addict and had bought Percocet from Robert Miller in the past at his residence.   Neff did not know the exact address where Miller resided, but based on her description, the Sergeant looked up the address and, when he drove by the Whitaker Avenue address with Neff, she indicated that the 522 Whitaker Avenue address was correct. Neff told Sergeant Baker that they had firearms in the house.

{¶6}    When asked, Sergeant Baker testified that Neff had never worked for him in the past, but that she had successfully worked as a confidential informant for the Guernsey County Sheriff's Department.  He testified that on May 26, 2011, Neff told him that she could act as a confidential informant for him and told him that she was addicted to drugs again and that the only way to stop using them was to get her supplier busted. The Sergeant then decided to use Neff as a confidential informant.  He testified that in exchange for her assistance, Neff received no consideration and signed a written agreement to such effect.

{¶7}    At the time he met with Neff on May 26, 2011, Sergeant Baker was aware that she had been investigated by Detective Jeff Paden of the Guernsey County Sheriff's Office and had recently been released from jail. He testified that she had been in jail for taking eight (8) of her brother's guns and that it was his understanding that no charges were going to be pursued.. Sergeant Baker testified that once he was informed that she was not going to be charged, he decided to use Neff as an informant. Such information was not contained in the affidavit in support of the search warrant.  Sergeant

Baker further testified that he was unaware, when seeking a search warrant, that Neff also was suspected of stealing a gun from John Blair, Jr.

{¶8} When questioned, Sergeant Baker indicated that he was aware that Neff had been charged with possession of drugs in Tuscarawas County. He testified that he did not include such information in the affidavit in support of the search warrant in this case because Neff had not been convicted.

{¶9} Sergeant Baker further testified that when he met with Neff on May 26, 2011, he provided her with $90.00 in confidential informant funds and issued a recording device to her. The Sergeant further testified that Neff enlisted the assistance of a friend, Carrie Alloway, because Neff did not think that Robert Miller would sell to her because she just gotten out of jail. Neff contacted Carrie Alloway, who had no idea that she was working as an informant. When the Sergeant met with Neff on May 26, 2011, he checked her for contraband. After leaving the police station, Neff traveled to Carrie Alloway's residence and Alloway then drove to 522 Whitaker Avenue. Alloway, whose children were in the vehicle at the time, then exited the vehicle, went inside and then returned to the vehicle presumably with the drugs. The portion of the transaction that would have taken place involving Alloway inside 522 Whitaker was not recorded.

{¶10} According to Sergeant Baker, once Neff and Alloway returned to Alloway's house, they each ingested one Percocet pill. Neff gave Sergeant Baker the one Percocet pill that remained from the transaction.

{¶11} Testimony was adduced that Neff, who had been patted down before the sale, made a second purchase of three Percocet pills at 522 Whitaker Avenue on May 27, 2011 from Travis Miller, appellant's son, in the driveway. When asked, the Sergeant

testified that he believed that Neff purchased three pills during the second transaction. Alloway did not accompany Neff to 522 Whitaker because she was at work. This second transaction was recorded. Sergeant Baker testified that, on such date, Neff was expected to purchase three Percocet pills and returned with only one. The other two pills were ingested by Neff and Alloway prior to Neff returning to the station. Neff told the Sergeant that if she did not ingest a pill, her supplier would believe that she was working for the police. Neff turned the recording device over to Sergeant Baker.

{¶12}   After these two purchases, a search warrant was obtained and executed at 522 Whitaker Avenue based on Sergeant Baker's affidavit. On May 27, 2011, appellant's house was searched and two firearms were confiscated, among other items. Officers arrested appellant, Robert Miller and two other individuals who were present at the time of the search.

{¶13}   Sergeant Baker testified that after the search warrant was obtained and executed, he had a chance to meet on May 28, 2011 with Carrie Alloway who provided him with a statement about what had happened during the first buy. He testified that Alloway, who was informed that she had been part of a controlled purchase of drugs, told him that she had purchased drugs from appellant rather than from Robert Miller.

{¶14} Subsequently, appellant, who previously had been convicted of possession of drugs, was indicted on one count each of trafficking in drugs and having weapons under disability.

{¶15}   After the trial court denied his Motion to Suppress, appellant pled no contest to one count of having weapons while under disability and was found guilty by the court. The remaining count was dismissed. As memorialized in a Judgment Entry

filed on April 18, 2012, appellant was ordered to serve twelve (12) months in prison and to pay court costs.

{¶16} Appellant now raises the following assignment of error on appeal:

{¶17} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. MILLER'S MOTION TO SUPPRESS BECAUSE THE AFFIDAVIT SUPPORTING THE SEARCH WARRANT LACKED PROBABLE CAUSE.

I

{¶18} Appellant, in his sole assignment of error on appeal, argues that the trial court erred in denying his Motion to Suppress. Appellant specifically contends that the affidavit supporting the search warrant lacked probable cause.

{¶19} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154–155, 2003–Ohio–5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap,* 73 Ohio St.3d 308,314, 1995–Ohio–243, 652 N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist 1997); *See, generally,*

*United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas,* supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* supra at 698, 116 S.Ct. at 1663.

{¶20}   Appellant, in the case sub judice, argues that the trial court erred in denying his Motion to Suppress because the affidavit supporting the search warrant lacked probable cause.  Appellant maintains that the affidavit relies almost exclusively on allegations of drug activity made by Chelsea Neff and that Sergeant Baker had never worked with Neff before. He further contends that the affidavit offers no basis from which to determine Neff's reliability and veracity and contains misinformation and omits significant facts with reckless disregard as to whether those omissions would mislead the judge.

{¶21}   In addressing the substance of defendant's assignment of error, we begin with Crim.R. 41, which governs the issuance and execution of search warrants in Ohio. Subsection (C) of the rule reads, in pertinent part:

{¶22}   "A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that

probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."

{¶23}   In reviewing the affidavit in this case, we are guided by the following instruction by the Ohio Supreme Court:  "[R]eviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George*, 45 Ohio St.3d 325, 330 544 N.E.2d 640 (1989), citing *Illinois v. Gates*, 462 U.S. 213, 238–239, 102 S.Ct. 2317, fn 10  (1983). " '[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *State v. George,* supra at 329,  citing *Illinois,* 462 U.S. at 238–239.

{¶24}   Deference to the judge issuing a warrant, however, is not boundless. *State v. Birk,* 5th Dist. No.2007–CA–63, 2008–Ohio–5571 ¶ 27. Notwithstanding the reasonable reliance on a search warrant exception to Fourth Amendment exclusionary rule, suppression is an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *United States v. Leon*, 468 U.S. 897, 914, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677 (1984). Good faith is no defense

where the officer himself is the source of the challenged information. See, *United States v. Baxter*, 889 F.2d 731 (6th Cir. 1990).

{¶25}   "To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either 'intentionally, or with reckless disregard to the truth'." *State v. Waddy,* 63 Ohio St.3d 424, 441, 588 N.E.2d 819 (1992), citing *Frank v. Delaware*, 438 U.S. 154, 155–156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672 (1978). Reckless disregard means that the affiant had serious doubts of an allegation's truth. *United States v. Williams*, 737 F.2d 594, 602 (C.A. 7, 1984). . "Omissions count as false statements if 'designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate'." *State v. Waddy,* supra. at 441. (Emphasis deleted in original) (Citation omitted).

{¶26}   In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court held that when the accused proves by a preponderance of the evidence that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that * * * the fruits of the search [must be] excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 155–156.

{¶27}   Pursuant to *Franks,* supra, when the evidence presented during a suppression hearing establishes a false statement was included by the affiant in the warrant affidavit, the false material must be excised. Then, the remainder of the

affidavit's contents must be scrutinized for a determination of whether the affidavit still contains sufficient facts and supporting circumstances to establish probable cause in the eyes of a detached and neutral magistrate. See *State v. Waddy*, 63 Ohio St.3d at 441.

{¶28}   The burden of showing something by a preponderance of the evidence ... simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal.*, 508 U.S. 602, 622, 113 S.Ct. 2264, 2279, 124 L.Ed.2d 539, (1993) (internal quotation marks omitted). In other words, the preponderance standard goes to how convincing the evidence in favor of a fact must be in comparison with the evidence against it before that fact may be found, but does not determine what facts must be proven as a substantive part of a claim or defense. *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 117 S.Ct. 195 at n. 3 (1997).

{¶29}   In assessing whether a party has met its burden of proof, the Ohio Supreme Court has stated, "[t]he degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E.2d 118, 123 (1954). "In determining the sufficiency of probable cause in an affidavit submitted in support of a search

warrant, '[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶30}   Appellant, in the case sub judice, argues that there is insufficient evidence in the affidavit supporting the search warrant because there were errors in the affidavit. Appellant points out that the affidavit incorrectly states that Alloway accompanied Neff for the second purchase  when she did not and that Sergeant Baker incorrectly alleged in the affidavit that the entire first transaction was recorded on the digital recording device when, in fact, the actual purchase by Alloway was not recorded.  Appellant also points out that the affidavit states that Neff and Alloway ingested one pill rather than one pill each. Appellant also argues that Sergeant Baker omitted from his affidavit the fact that Neff was not charged in connection with the theft of any firearms and the fact that he knew Neff was facing drug-related charges in Tuscarawas County. Furthermore, appellant emphasizes that Sergeant Baker did not search Carrie Alloway or her vehicle prior to the first transaction and did not independently corroborate Neff's credibility. Finally, appellant notes that the two buys were not observed by law enforcement.

{¶31}   However, we concur with the trial court that there was insufficient evidence of intentional or reckless misrepresentations and that there was sufficient probable cause of issuance of the search warrant even after excising the incorrect

information.  Sergeant Baker, in his affidavit, stated that Neff previously had worked with the Guernsey County Sheriff's Office and had proven to be reliable. At the hearing, Sergeant Baker testified that Neff was receiving no special consideration in exchange for her use as a confidential informant and that he did not mention the Tuscarawas County charges because Neff had not been convicted of any crime. There is no evidence that, by omitting information about the Tuscarawas County case or the case involving the guns, that the Sergeant intended to mislead the judge who signed the affidavit. The affidavit clearly stated that Neff had recently been released from jail. Sergeant Baker testified that appellant had been jailed after  taking her brother's guns and that it was his understanding that she was not going to be charged. He further testified that he did not, for such reason, believe that such specific  information was relevant. With respect to the allegation that Neff was suspected of stealing a gun from John Blair, Jr., the Sergeant testified that he did not become aware of such fact until right before the suppression hearing.  He could not, therefore, have included such information in his affidavit.

{¶32}   In addition, without taking into account the first buy conducted by Alloway that was mentioned in the affidavit, the affidavit stated that appellant went to 522 Whitaker Avenue on May 26, 2011 and purchased drugs (Percocet) from Travis Miller, appellant's son, in the driveway. The affidavit stated that this second purchase was recorded and that the confidential informant later returned to the police station and provided Sergeant Baker with the proceeds of the drug transaction and the recording from the transaction. Based on this second transaction alone,  we find that there was probable cause for the issuance of the search warrant.

{¶33}  Based on the foregoing, we find that the trial court did not err in denying appellant's Motion to Suppress. We do not find that appellant has demonstrated anywhere in the record, let alone by a preponderance of the evidence, that Sergeant Baker committed perjury or that he acted with reckless disregard with respect to any statement made within the affidavit. There is no indication that there was an intent to mislead the judge who issued the search warrant. We find that the affidavit  provided sufficient probable cause for the execution of the search warrant.

{¶34} Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P. J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

CRB/dr

[Cite as *State v. Miller*, 2013-Ohio-2851.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DALE MILLER | : | |
| | : | |
| Defendant -Appellant | : | CASE NO. 12 CA 14 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE